UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
East St. Louis Division

|  |  |
|---|---|
| MARY J. AHLERS,<br>　　*Plaintiff*,<br><br>　v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br>and TRANS UNION, LLC,<br>　　*Defendants*. | )<br>)<br>)<br>)<br>) **Cause No. 3:17-cv-00704**<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT WITH JURY TRIAL DEMAND

### PRELIMINARY STATEMENT

1. This action is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable reinvestigations with respect to such information.

2. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 (West) *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources (called "furnishers") that provide credit information to credit reporting agencies.

**PARTIES**

3. Plaintiff, Mary J. Ahlers (hereinafter "Ahlers"), is a natural person who resides in Glen Carbon, Illinois.

4. Ahlers is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C.A. § 1681a(c) (West).

5. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a credit bureau that conducts business in Indiana.

6. Defendant TransUnion, LLC. (hereinafter "TransUnion") is a credit bureau that conducts business in Indiana.

7. Equifax and TransUnion regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties, and use interstate commerce to prepare and/or furnish the reports, and accordingly, are each considered a "consumer reporting agency" as that term is defined by 15 U.S.C.A. § 1681a(f).

**JURISDICTION AND VENUE**

8. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 *et seq.*, jurisdiction of this Court arises under 28 U.S.C.A. § 1331 (West).

9. Venue is proper in this Court because a substantial part of the claim arose in Illinois, Ahlers resides in Illinois and all Defendants "reside" in Illinois, as that term is used in 28 U.S.C.A. § 1391 (West).

**FACTUAL ALLEGATIONS**

10. On July 21, 2015, Ahlers filed a Chapter 7 bankruptcy proceeding in the Southern District of Illinois, under Cause No. 15-31124.

11. Discover Bank, Wells Fargo, Synchrony Bank, and Chase Bank were all listed on Ahlers' Schedule F. A copy of the aforementioned Schedule F is attached as "Exhibit A."

12. Ahlers met all requirements of her Chapter 7 bankruptcy and as a result, she received a discharge of the aforementioned debts by Order dated November 2, 2015. A copy of the aforementioned Order of Discharge is attached hereto as "Exhibit B."

INACCURATE INFORMATION REPORTED BY EQUIFAX

13. Sometime around March of 2017, Ahlers obtained a copy of her consumer credit report as published by Equifax (No. 6334052910).

14. The report contained erroneous information relevant to her former obligations to Discover Bank, Wells Fargo, Synchrony Bank, and Chase Bank, now published by Equifax. Specifically, the Equifax credit report failed to reflect that the aforementioned obligations were discharged in bankruptcy.

15. In a letter dated March 9, 2015, Ahlers disputed the inaccurate and misleading information to Equifax and advised Equifax of the specific facts that rendered the reporting inaccurate and misleading. A copy of the dispute letter is attached hereto as "Exhibit C."

16. Upon information and belief, Equifax failed to timely notify Discover Bank, Wells Fargo, Synchrony Bank, or Chase Bank of Ahlers's dispute in accordance with 15 U.S.C.A. § 1681i (West).

17. Further, instead of conducting an investigation into Ahlers's dispute and providing confirmation of that fact via a reinvestigation report as is customary, Equifax did not respond to Ahlers's dispute.

18. Equifax was required to communicate the specifics of Ahlers's dispute to Discover Bank, Wells Fargo, Synchrony Bank, and Chase Bank.

19. Likewise, Equifax had an affirmative duty to reasonably reinvestigate the dispute submitted by Ahlers and to accurately report the tradeline information notwithstanding the information it received from Discover Bank, Wells Fargo, Synchrony Bank, and Chase Bank.

INACCURATE INFORMATION REPORTED BY TRANSUNION

20. Sometime around March of 2017, Ahlers obtained a copy of her credit report as published by TransUnion.

21. That report contained erroneous information relevant to her former obligations to Discover Bank, Wells Fargo, Synchrony Bank, and Chase Bank. Specifically, the TransUnion credit report failed to reflect that the aforementioned accounts had been discharged via her bankruptcy.

22. In a letter dated March 9, 2017, Ahlers disputed the inaccurate and misleading information to TransUnion and advised TransUnion of the specific facts that rendered the reporting inaccurate and misleading. A copy of the dispute letter is attached as "Exhibit D."

23. Upon information and belief, TransUnion failed to timely notify Discover Bank, Wells Fargo, Synchrony Bank, or Chase Bank of Ahlers's dispute in accordance with 15 U.S.C.A. § 1681i.

24. In a document dated March 17, 2017, TransUnion advised Ahlers that it had contacted the company reporting the information at issue and made corrections or deletions as required. However, TransUnion's reinvestigation report merely reproduced almost all of the errors identified by Ahlers in her original dispute letter. Specifically, her TransUnion consumer disclosure still failed to make any reference to her bankruptcy discharge or that her former obligations to Discover Bank, Wells Fargo, Synchrony Bank, or Chase Bank has been specifically discharged. A copy of the relevant portion of the reinvestigation report is attached hereto as "Exhibit E."

25. TransUnion was required to communicate the specifics of Ahlers's dispute to Discover Bank, Wells Fargo, Synchrony Bank, and Chase Bank.

26. TransUnion had an affirmative duty to reasonably reinvestigate the dispute submitted by Ahlers and to accurately report the tradeline information notwithstanding the information it received from Discover Bank, Wells Fargo, Synchrony Bank, Chase Bank and others.

INACCURATE INFORMATION AS IT PERTAINS TO ALL DEFENDANTS

27. Equifax and TransUnion are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared databases.

28. Equifax and TransUnion independently and jointly, breached their duties as described above.

29. Due to Equifax's and TransUnion's respective failure to conduct a reasonable reinvestigation of Ahlers's dispute, the absence of any indication on Ahlers's credit reports that her former debts to Discover Bank, Wells Fargo, Synchrony Bank, Chase Bank and others Bank of America were discharge, was not appropriately modified or deleted.

30. By inaccurately reporting debt information after receiving notice of its errors, TransUnion and Equifax failed to take appropriate measures as set forth in 15 U.S.C.A. § 1681s-(2)(b)(1)(D) and 1681s-(2)(b)(1)(E).

31. As a result of Defendants' willful actions and omissions, Ahlers is eligible for actual damages, statutory damages, punitive damages and reasonable attorney's fees.

**TRIAL BY JURY**

32. Ahlers is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNTS I: VIOLATIONS OF THE FCRA
[15 U.S.C.A. § 1681e(b) and 1681i (West)]

33. Ahlers incorporates by reference all preceding paragraphs as though fully stated herein.

34. Equifax willfully and/or negligently violated 15 U.S.C.A. §1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Ahlers's consumer reports.

35. Equifax willfully and/or negligently violated 15 U.S.C.A. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Ahlers's dispute and by failing to appropriately delete or modify inaccurate information in Ahlers's file.

36. As a result of Equifax's violation of 15 U.S.C.A. § 1681e(b), Ahlers has suffered actual damages including but not limited to certain out of pocket expenses incurred in addressing the aforementioned errors, emotional distress, and the payment of increased costs of credit and insurance. In turn, Ahlers is entitled to recover actual damages pursuant to 15 U.S.C.A. § 1681n and 1681o (West).

37. Equifax's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

38. Ahlers is entitled to recover costs and attorney's fees from Equifax pursuant to 15 U.S.C.A. § 1681n and 1681o.

### COUNT II: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
[15 U.S.C.A. § 1681s-2(b)]

39. Ahlers incorporates by reference all preceding paragraphs as though fully stated herein.

40. TransUnion willfully and/or negligently violated 15 U.S.C.A. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Ahlers's dispute from one or more consumer reporting agencies, and/or by failing to review all relevant information provided by the consumer reporting agencies, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the inaccurate information.

41. As a result of TransUnion's violation of 15 U.S.C.A. § 1681s-2(b), Ahlers has suffered actual damages including but not limited to certain out of pocket expenses incurred in addressing the aforementioned errors, emotional distress, and the payment of increased costs of credit and insurance. In turn, Ahlers is entitled to recover actual damages under 15 U.S.C.A. § 1681n and 1681o.

42. In addition, TransUnion's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

43. Ahlers is entitled to recover costs and attorney's fees from TransUnion pursuant to 15 U.S.C.A. § 1681n and 1681o.

**WHEREFORE**, Ahlers respectfully requests the following relief:

a. Actual damages;

b. Statutory damages;

c. Reasonable attorney's fees and costs pursuant to 15 U.S.C.A. § 1681n and/or 1681o;

d. That an Order be issued for the Defendants to modify, delete or block the inaccurate information being reported; and

e. Such other and further relief as may be just and proper.

Respectfully submitted,

*/s/ Travis W. Cohron*
Travis W. Cohron, No. 29562-30
**BARKER HANCOCK & COHRON**
198 South Ninth Street.
Noblesville, IN 46060
Telephone: (317) 219-4746
tcohron@bhclegal.com
*Attorney for Plaintiff*